UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VERA JANE LANDRY AND
PERCY JAMES LANDRY

VERSUS

GOLDEN CORRAL CORPORATION

CIVIL ACTION

NUMBER 13-92-JJB-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**
**and**
**RULING ON MOTION TO EXTEND SCHEDULING ORDER DEADLINES**

Before the court is the plaintiffs' Motion to Compel Complete Discovery Responses. Record document number 22. The motion is opposed.[1] Also before the court is the plaintiffs' Motion to Extend Scheduling Order Deadlines. Record document number 25. Defendant filed a response.[2]

The deadline for completing fact discovery and filing motions to compel fact discovery was October 31, 2013. Plaintiffs filed their motion to compel on February 26, 2014 - nearly four months after the deadline. Plaintiff never sought or obtained an extension of the fact discovery completion/motion to compel deadline. Defendant sought an extension, but its motion was denied.[3] As explained in the Ruling on Motion to Amend Scheduling Order which denied the defendant's motion:

---

[1] Record document number 28.

[2] Record document number 29.

[3] Record document number 20, motion; record document number 21, ruling.

> ... the parties cannot unilaterally extend the Scheduling Order by agreement when doing so would interfere with the time set for completing discovery. Rule 29(b), Fed.R.Civ.P. A party's informal extension of a scheduling order deadline that would interfere with the time set for completing discovery is granted at the party's risk.

Certainly as to the discovery requests the plaintiffs served on September 20, 2013 and before, there is no apparent reason why a motion to compel discovery and/or a motion to extend the deadline could not have been filed by October 31, 2013.

Plaintiffs sought a five month extension of the fact discovery completion deadline (from October 31, 2013 to March 31, 2014), nearly a six month extension of their deadline to produce expert reports (from October 15, 2013 to April 10, 2014), about the same extension of the deadline for the defendant to produce its expert reports (from November 15, 2013 to April 30, 2014), more than a four month extension of the deadline to complete expert discovery (from January 3, 2014 to May 15, 2014), and a four month extension of the dispositive/*Daubert* motion filing deadline (from January 31, 2014 to May 31, 2014). The basis for the motion is essentially the parties' agreement to continue with fact discovery, including depositions, past the deadline set in the Scheduling Order, and the plaintiffs' subsequent dissatisfaction with the defendant's responses to their written discovery requests.

As already explained, the parties' agreement engage in post-deadline discovery was not approved by the court. While the court generally does not oppose the parties voluntarily engaging in some

post-deadlines discovery (e.g., exchanging documents/data/ information or taking a fact or expert witness deposition after the deadline), they generally do so in a manner that does not result in their failure to meet subsequent deadlines. They are not expected to involve the court in resolving disputes that may arise from their voluntary post-deadline discovery.

Finally, contrary to the assertion in the plaintiffs' motion, the court did not request a further explanation of the parties discovery efforts in the Ruling on Motion to Amend Scheduling Order. Rather, the court explained that the defendant failed to provide sufficient information to support finding good cause, as required by Rule 16, Fed.R.Civ.P. The time to provide the information needed for the court to find good cause was when the defendant filed its motion to extend the deadlines - not a month later.

Accordingly, the plaintiffs' Motion to Compel Complete Discovery Responses, and their Motion to Extend Scheduling Order Deadlines, are both denied.

Baton Rouge, Louisiana, March 24, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE