UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

VERA JANE LANDRY and
PERCY JAMES LANDRY

CIVIL ACTION

VERSUS

NO. 13-92-JJB

GOLDEN CORRAL CORPORATION

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The matter before this Court arises from an incident that occurred at a Golden Corral restaurant in Baton Rouge, Louisiana on September 11, 2012. Vera Landry, Plaintiff in this matter, alleges that she fell in the restaurant as a result of water on the floor (Doc. 1, Exhibit 1.). Mrs. Landry also alleges that she sustained injuries to her ankle which required two surgeries (Doc 1, Exhibit 1). Mrs. Landry filed a complaint based on the claim that Golden Corral Corporation (Golden Corral) was liable under Louisiana's Merchant Liability Statute, La. R.S. 9:2800.6. Golden Corral filed a Motion for Summary Judgment (Doc. 44) on in August of 2014, which is now before this Court. Golden Corral has also filed multiple Motions in Limine to exclude various types of evidence.

Federal Rule of Civil Procedure 56 dictates that a Motion for Summary Judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact." The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must show that the evidence is insufficient to prove one or more essential elements to the non-moving party's claim. *Id.* at 330. The Court will view the facts in light most favorable to the non-moving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). However, the non-moving party is required to set forth specific facts showing a genuine issue of fact. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If no reasonable juror could find for the non-moving party after that party has been given the opportunity to raise facts showing a genuine issue of material fact, the motion for summary judgment will be granted. *Id.* at 251.

Mrs. Landry claims that Golden Corral is liable as a merchant under the Louisiana Merchant Liability Statute. La. R.S. 9:2800.6. For Golden Corral to be liable under this statute, Mrs. Landry must prove all of the following: (1) the condition of the restaurant presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.

After carefully considering this matter, the court finds that Mrs. Landry has failed to show that there is a genuine issue of material fact for trial. To sufficiently prove that Golden Corral had constructive notice of the spill, she has to show that the water remained on the floor for "such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6. Mrs. Landry has come forth with no evidence as to the temporal element of her claim. The statute "does not allow for the inference of constructive notice absent some showing of its temporal element." *Allen v. Wal-Mart Stores, Inc.*, 850 So.2d 895, 898 (La. App. 2 Cir. 6/25/03).

For the reasons more fully argued by Golden Corral in support of its Motion, the court finds that plaintiff has failed to point to any evidence to create a genuine issue of material fact for trial.[1]

---

[1] Federal Rule of Evidence 401 dictates that "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence"; "and the fact is of consequence in determining the action." Mrs. Landry intends to introduce evidence of other accidents that occurred at the Golden Corral. These accidents did not occur on September 11, 2012 – the day that Mrs. Landry alleges she fell in the Golden Corral. Therefore, these other

For the reasons stated therein, the Defendant's Motion for Summary Judgment is **GRANTED**. Defendant's Motions in Limine to Exclude Expert Testimony and Evidence of Other Accidents are also **GRANTED**.

Signed in Baton Rouge, Louisiana, on November 19th, 2014.

_____
JAMES J. BRADY, DISTRICT JUDGE

---

accidents have no relevance as to the conditions of the Golden Corral on the day of Mrs. Landry's accident. The evidence of other accidents has no tendency to make a fact more or less probable in this case

Federal Rule of Evidence 702 governs the admissibility of expert testimony. To determine admissibility, it must be determined whether the testimony of Tommy Cashio will "assist the trier of fact to understand the evidence or determine a fact in issue" in the matter. Mrs. Landry intends to introduce an investigative video and testimony of Steve Parnell and Tommy Cashio. (Doc. 47, p. 3). Tommy Cashio and Steve Parnell surveyed the restaurant on August 5, 2013 and August 22, 2013. As such, the surveillance has no bearing on the condition of the restaurant on September 11, 2012, since the video was taken almost a year later. As such, the surveillance video and testimony of Tommy Cashio and Steve Parnell have no real probative value.

Ms. Landry intends to bring Howard Cannon as an expert to testify about her alleged accident at Golden Corral on September 11, 2012. However, Howard Cannon is not an engineer or hydrologist. He has testified at trial before, but has only in the past qualified as an expert for "restaurant operations, restaurant business practices, and restaurant training", not slip and fall cases (Doc. 42, exhibit 2, p. 14-16). Further, he did not visit the Golden Corral restaurant until almost a year after the alleged accident (Doc. 42, exhibit 2, p. 21-22). Therefore, the testimony of Howard Cannon will not "assist the trier of fact" in determining why or how Mrs. Landry fell.